**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LORI IRISH,

Defendant - Appellant.

No. 09-10112

D.C. No. 2:08-cr-00117-RLH-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Chief District Judge, Presiding

Submitted January 12, 2010[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, WALLACE and CLIFTON, Circuit Judges.

Lori Irish appeals her conviction, alleging that the government failed to turn

over, on a timely basis, relevant information concerning her medical care provider

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and that the district court should have reopened the trial or granted a new trial. We affirm.

The materials in question were irrelevant to the theory of Irish's defense: that the doctor prescribed medication that exacerbated Irish's condition, prevented her from forming the requisite mens rea, or otherwise caused her to commit crimes. Nor could any of the materials be used to impeach the doctor. None of the evidence was admissible to show a character for untruthfulness under Federal Rules of Evidence 608 and 609, and regardless, Irish's theory was that the doctor was incompetent, not untruthful. The circumstances that led to the Memorandum of Agreement were far too removed from Irish's case to suggest any possibility of bias. The materials included nothing that contradicted the doctor's testimony, revealed a prior inconsistent statement, or demonstrated a failure of perception or recollection. *See generally* 27 Charles Alan Wright & Victor James Gold*, Federal Practice and Procedure* § 6092 (2d ed. 2009) (describing methods of impeachment).

Because the material was neither exculpatory nor impeaching, the government did not violate its duty to disclose. *See United States v. Bagley*, 473 U.S. 667, 676 (1985).

AFFIRMED.